IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPHINE A. BROWNING,

      Plaintiff,    Case No. 3:03 CV 7246

 -vs-

                O R D E R

UNITED STATES OF AMERICA,

      Defendant.

KATZ, J.

   The Petitioner/Defendant has filed a second motion for reconsideration of an order denying relief under 22 U.S.C. § 2255. (Doc. No. 37). The Government has filed its response opposing the same.

   This Court received a letter from Josephine A. Browning dated September 6, 2005 and ordered that the same together with its attachments be filed as a motion; that filing was accomplished by Clerk of this Court on September 16, 2005. The gravamen of Ms. Browning's letter is that she was convicted of a crime she did not commit as a result of wrongful acts of the Assistant United States Attorney handling this matter.

   On October 20, 1999 Ms. Browning was convicted of one count of conspiring to defraud the federal Medicare program, sixty counts of mail fraud and one count of conspiring to commit money laundering. She was subsequently sentenced to 120 months imprisonment to be followed by three years of supervised release. Her conviction and sentence were affirmed on direct appeal; this Court denied her initial § 2255 motion on November 26, 2003 and her motion for

reconsideration was denied on February 9, 2004. Multiple motions have been filed in this Court and the Sixth Circuit Court of Appeals, all of which have been denied. The last of those motions was a request for review of her sentence pursuant to 18 U.S.C. § 3742. That motion was denied on January 7, 2005, as was her motion for reconsideration of that decision.

The Court has reviewed all of the materials supplied by Ms. Browning with her letter and the memorandum in opposition filed by the Government. It should be perfectly clear to the Petitioner/Defendant that her conviction by a jury has been reviewed on multiple occasions by this Court and the Court of Appeals; that it was her decision and hers alone to proceed to trial in this unfortunate situation. The fact that she was convicted and sentenced to a period of imprisonment longer than the primary actor in this tragedy is abundantly clear. The fact that she is suffering from certain physical maladies is not a matter with which this Court can now deal, as it must be brought to the attention of proper prison authorities who have the right to release her should the medical issues from which she suffers warrant such release. No one known to the Court, including this Judge, takes pleasure in either the reasons for which Defendant was convicted nor her sentence.

Having said all that, for the reasons set forth in the excellent memorandum filed by the Government and the Court's independent research, the Defendant Browning has not presented any newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); much of the evidence she has presented is hearsay; the motion for reconsideration pursuant to Rule 60(b) is untimely since more than one year has passed since this Court denied her original filed pursuant to § 2255; and because Ms. Browning has not received an order from the Sixth Circuit Court of Appeals authorizing the filing of a successive §

2255 motion, this Court lacks authority to entertain the same . For all of the foregoing reasons, the instant motion is denied.

      IT IS SO ORDERED.

                                              s/ *David A. Katz*
                                          DAVID A. KATZ
                                          SENIOR U. S. DISTRICT JUDGE